IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVE REINHARDT,**<br><br>                     Petitioner,<br><br>      v.<br><br>**FIFTH DISTRICT COURT OF APPEALS, et al.,**<br><br>                     Respondents. | 1:13-cv-00938 MJS HC<br><br>**ORDER REGARDING PETITION FOR WRIT OF MANDAMUS** |

       Petitioner, a state prisoner, proceeds pro se with a petition styled as a petition for writ of mandate. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He has filed motions to appoint counsel, recuse Magistrate Judge Dennis Beck (who, it is noted, is not assigned to this matter), and to request the California Attorney General's Office investigate matters relating to alleged fraud in a trust document (the subject of the initial dispute that lead to Petitioner's crime of conviction.[1] This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28

---

[1] Petitioner alleges that he was entitled to receive money from a trust created by his grandfather. After an argument over the matter with his mother, Petitioner engaged in a shootout with a police SWAT team. Petitioner was convicted of four counts of assault with a firearm upon a peace officer and sentenced to 52 years in prison. See Reinhardt v. Feller, E.D. Cal. Case No. 1:08-cv-00329-LJO-DLB, ECF No. 49.

U.S.C. § 636(b)(1).

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In his petition for writ of mandate, Petitioner requests this Court order the California courts to "deal honestly, fairly, and impartially… and follow the law" and let Petitioner proceed by way of habeas corpus in state court. (See Pet., ECF No. 1 at 55.)

Although the federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" (28 U.S.C. § 1361), federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to a state court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Accordingly, this Court cannot grant the relief Petitioner seeks.

Because the Court cannot grant the mandamus relief sought by Petitioner, his petition will be dismissed for failure to state a claim upon which relief can be granted. The Court will, however, grant Petitioner leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that leave to amend shall be freely given).

To the extent that Petitioner wants to challenge his conviction in this Court, he is

1 informed that such a challenge is cognizable, if at all, in a petition for writ of habeas
2 corpus. The Court requires that all petitions for writ of habeas corpus be filed on the
3 proper form provided by the Court. Petitioner is hereby notified that in order for this Court
4 to review his petition, he must re-file on the proper form. A copy of the form will be
5 provided to him.

6 Finally, it should be noted, that unless Petitioner has obtained permission from the
7 Ninth Circuit Court of Appeals to file another habeas petition with this Court, a habeas
8 corpus petition will be denied as successive in light of his prior habeas petition. See 28
9 U.S.C. § 2244(b); Reinhardt v. Feller, E.D. Cal. Case No. 1:08-cv-00329-LJO-DLB.

10 For the foregoing reasons, IT IS HEREBY ORDERED that:

11 1. Petitioner's request for leave to proceed in forma pauperis (Doc. 2) is
12 GRANTED.

13 2. The petition for writ of mandamus (Doc. 1) is DISMISSED for failure to
14 state a claim upon which relief can be granted.

15 3. Petitioner is granted 30 days within which he may file an amended petition.
16 Any amended petition must be filed on the form employed by this Court and must state
17 all claims and prayers for relief on the form. It must bear the case number assigned to
18 this action and must bear the title "Amended Petition."

19 4. The Clerk of the Court is directed to send petitioner the proper form for a
20 petition for writ of habeas corpus.

21 5. Petitioner is forewarned that his failure to comply with this order may result
22 in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   June 21, 2013          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE