IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVE REINHARDT,**<br><br>                           Petitioner,<br><br>    v.<br><br>**FIFTH DISTRICT COURT OF APPEALS, et al.,**<br><br>                           Respondents. | 1:13-cv-00938 LJO MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS** |

Petitioner, a state prisoner, proceeds pro se with a petition styled as a petition for writ of mandate. On June 24, 2013, this Court dismissed the petition without prejudice because it failed to state a claim upon which relief could be granted. (See Order, ECF No. 7.) The Court provided Petitioner thirty days to file an amended petition for writ of mandate, or in the alternative, file a petition for writ of habeas corpus. (Id.) Since June 24, Petitioner has filed twenty motions, documents, and other correspondence with the Court. None of them serve to show that Petitioner is entitled to relief by way of a writ of mandamus or that, if his writ were construed as a petition for writ of habeas corpus, it would not be dismissed as successive.

As previously explained, although the federal mandamus statute provides that

1  "[t]he district courts shall have original jurisdiction of any action in the nature of
2  mandamus to compel an officer or employee of the United States or any agency thereof
3  to perform a duty owed to the plaintiff" (28 U.S.C. § 1361), federal district courts are
4  without power to issue mandamus to direct state courts, state judicial officers, or other
5  state officials in the performance of their duties. A petition for a writ of mandamus to
6  compel a state court or official to take or refrain from some action is frivolous as a matter
7  of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) ("We
8  further note that this court lacks jurisdiction to issue a writ of mandamus to a state
9  court."); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are
10 without power to issue writs of mandamus to direct state courts or their judicial officers in
11 the performance of their duties[.]"); see also Newton v. Poindexter, 578 F.Supp. 277,
12 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees).
13 Petitioner requests that this Court order the California Attorney General's Office to
14 investigate matters relating to alleged fraud with regard to a trust document that was the
15 subject the initial dispute that lead to Petitioner's crime of conviction. Accordingly, this
16 Court cannot grant the relief Petitioner seeks. The Court therefore recommends that the
17 petition for writ of mandate be denied.

18 Furthermore, to the extent that Petitioner attempts to file a habeas petition with
19 this Court to challenge his conviction, it must be dismissed unless he has obtained
20 permission from the Ninth Circuit Court of Appeals to file another habeas petition with
21 this Court. See 28 U.S.C. § 2244(b); Reinhardt v. Feller, E.D. Cal. Case No. 1:08-cv-
22 00329-LJO-DLB. Petitioner, in his responses to this Court's June 24, 2013 order,
23 indicated that he had recently filed for permission from the Ninth Circuit Court of Appeals
24 to file a successive petition. However, Petitioner has not shown that he has obtained
25 permission from the Ninth Circuit at this time.

26 Section 2244 (b)(3)(A) provides: "Before a second or successive application
27 permitted by this section is filed in the district court, the applicant shall move in the
28 appropriate court of appeals for an order authorizing the district court to consider the

application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997). As Petitioner has not obtained permission from the Ninth Circuit, the Court recommends that his petition, if construed as a petition for writ of habeas corpus, be denied.

## RECOMMENDATION

The Court RECOMMENDS that the petition, whether construed as a petition for writ of mandate or as a petition for writ of habeas corpus be DISMISSED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 7, 2013            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE